IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **SANDRA L. STEVENS, on behalf of the ESTATE OF NICHOLAS VANBUREN,** | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 5:24-cv-191 |
| | ) |
| **PRIMECARE MEDICAL, INC., PRIMECARE MEDICAL OF WEST VIRGINIA, INC. JOHN/JANE DOE PRIMECARE EMPLOYEES,** | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**[PROPOSED] FINAL ORDER APPROVING WRONGFUL DEATH SETTLEMENT AND DISTRIBUTION**

On the 11th day of June, 2025, came Sandra L. Stevens (hereinafter sometimes referred to as "Plaintiff" or "Petitioner"), on behalf of the Estate of Nicholas VanBuren, deceased, by counsel, and presented his petition to compromise and settle the claim against Defendants asserted for the alleged wrongful death and injuries of Nicholas VanBuren ("Decedent"). Petitioner further sought the entry of an Order approving the wrongful death settlement of the Estate of Nicholas VanBuren. The Court, having reviewed the petition and requests, is of the opinion to and does hereby find and conclude as follows:

1.  On or about the 19th day of October, 2022, Petitioner was duly and legally appointed as the Personal Representative of the Estate of Nicholas VanBuren, such appointment having been approved by the County Commission of Greenbrier County, West Virginia. Petitioner, in her

capacity as Personal Representative of the Estate of Nicholas VanBuren, filed her Complaint against PrimeCare Medical, Inc., PrimeCare Medical of West Virginia, Inc. and its involved employees on April 12, 2024.

2.　　The Complaint asserts a claim for the wrongful death of Decedent, by and through the Estate, against PrimeCare Medical, Inc., PrimeCare Medical of West Virginia, Inc. and its involved employees. Petitioner alleged that Decedent's death was caused by the alleged wrongful conduct of PrimeCare Defendants while Decedent was incarcerated at the Southern Regional Jail. PrimeCare Defendants categorically deny any and all liability and/or that their conduct caused Decedent's death.

3.　　Subsequent to the filing of the Complaint, PrimeCare Defendants entered into an agreement to settle any and all claims asserted (or that could have been asserted) against them related to the alleged wrongful death of Decedent for a confidential sum. PrimeCare Defendants, without admitting liability for those disputed claims, have negotiated this settlement to compromise the claims that have been asserted or could be asserted by Petitioner against them.

4.　　The amount of the proposed settlement is $100,000.00.[1]

5.　　At the time of the death of Decedent, the wrongful death statute in effect provided that "…damages shall be distributed to the surviving spouse and children, including adopted children and stepchildren, brothers, sisters, parents, and any persons who were financially dependent upon the decedent at the time of his or her death or would otherwise be equitably entitled to share in such distribution…If there are no such survivors, then the damages shall be distributed in accordance with the decedent's will or, if there is no will, in accordance with the laws of the descent and distribution as set forth in Chapter 42[§41-1-1 et. Seq.] of this Code." W. Va. Code

---

[1] This settlement is confidential as to PrimeCare Defendants.

§55-7-6 (1994). Pursuant to *White v. Gosiene*, 187 W. Va. 576, 420 S.E.2d 567 (1992), the statute in effect at the time of the death of Decedent controls the distribution of the settlement proceeds.

    6.    Petitioner has made a reasonable inquiry to determine the names and addresses of the beneficiaries or potential beneficiaries of Decedent including, but not limited to, any living surviving spouse, brother, sister, or children, including adopted children and stepchildren, and all persons who were financially dependent or equitably entitled upon Decedent at the time of his death. As a result of this inquiry, Petitioner has determined that the following individuals qualify as potential beneficiaries of Decedent under W. Va. Code §55-7-6:

| **Name** | **Relationship** |
| --- | --- |
| Sandra L. Stevens | Mother |
| Glen VanBuren | Father |
| Minor Child N.V. | Daughter |
| Minor Child B.S. | Daughter |
| Julie VanBuren | Wife |
| Tabitha Withrow | Sister |
| Megan VanBuren | Sister |
| Minor Child S.S. | Son |

    7.    In connection with this settlement, the Court is satisfied that all statutory beneficiaries have been provided notice of this Petition and settlement to be informed of their potential interests and ability to make a claim or to waive or consent to the proposed distribution of proceeds.

    8.    That after providing proper notice to all potential statutory beneficiaries, Petitioner herein requested the Court approve the settlement and the Court hereby orders:

    a.    Attorneys' fees in the amount of forty percent (40%) of the settlement allowed by the attorney-client contractual obligation, which totals $40,000.00, and expenses incurred in the amount of $8,301.74.

    b.    The total net proceeds of the Estate of $51,698.26 be distributed as follows:

> Sandra L. Stevens;
>
> Glen VanBuren;
>
> Minor Child N.V.;
>
> Minor Child B.S.;
>
> Julie VanBuren;
>
> Tabitha Withrow;
>
> Megan VanBuren;
>
> Minor Child S.S.;

    c.    Petitioner is permitted to execute a complete release of all claims against Defendants.

    9.    The Court finds that the settlement is fair, just, equitable, and in the best interest of the Estate.

WHEREFORE, the Court hereby **ORDERS** that the settlement is approved, and further **ORDERS** that:

    a.    Sandra L. Stevens, on behalf of the Estate of Nicholas VanBuren, is authorized to execute all releases and agreement necessary to finalize the settlement of this civil action;

    b.    The settlement is approved, and the proceeds are **ORDERED** to be distributed as follows:

    i. Attorneys' fees and costs in the amount of forty percent (40%) of the settlement allowed by the attorney-client contractual obligation, which totals $40,000.00 and expenses in the amount of $8,301.74;

    ii. Net proceeds to the potential beneficiaries in the amount of $51,698.26 by the Court for distribution as stated hereinabove;

    iii. This matter is dismissed with prejudice and dismissed from the Court's docket.

The Clerk of the Court is further **ORDERED** to direct attested copies of this *Order Approving Wrongful Death Settlement and Distribution* to all parties and counsel of record.

Entered this _____ day of _____, 2025.


Prepared By:

/s/  Timothy P. Lupardus
Timothy Lupardus (WVSB No. 6252)
The Lupardus Law Office
275 Bearhole Road
Pineville, West Virginia 24874
(304) 732-0office@luparduslaw.com


Stephen P. New, Esq. (WVSB #7756)
Emilee Wooldridge, Esq. (WVSB 14310)
Stephen New & Associates
430 Harper Park Drive
P.O. Box 5516
Beckley, WV  25801
Phone: (304) 250-6017


Zachary Whitten (WVSB No. 13709)
The Whitten Law Office
P.O. Box 753
Pineville, West Virginia 24874
zwhittenlaw@gmail.com